UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

UNITED STATES OF AMERICA,
    Plaintiff

v.

ANDREA CIRCLE BEAR,
    Defendant

3:19-CR-30047-RAL

ORDER SETTING CONDITIONS
OF RELEASE

## GENERAL CONDITIONS OF RELEASE

IT IS ORDERED that the release of Defendant shall be subject to the following conditions:

(1) Defendant shall not violate any federal, state or local (including tribal) law while on release in this case.

(2) Defendant shall appear at or participate in all case-related matters scheduled by her attorney. In addition, Defendant shall promptly answer all correspondence and promptly respond to all communication from herattorney and shall cooperate fully with her attorney so that the attorney is able to properly and efficiently manage the case.

(3) Defendant shall appear for all proceedings as required by the Court, and, if convicted, shall surrender herself as directed to serve any sentence imposed by the Court.

(4) Defendant shall advise the Court, the Probation Office or her supervising officer in writing before making any change of residence or telephone number.

(5) Defendant shall cooperate in the collection of a DNA sample if the collection of such a sample is authorized by 42 U.S.C. §14135a.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably ensure the appearance of Defendant and the safety of other persons and the community, it is further

ORDERED that the release of Defendant shall be subject to the conditions below:

Page 1

(6) Defendant shall be placed in the custody of her grandmother, Clara LeBeau, who shall:

   (a) supervise Defendant in accordance with all conditions of release;
   (b) use every effort to assure the appearance of Defendant at all scheduled court proceedings; and
   (c) immediately notify the Probation Office or supervising officer if Defendant violates any condition of release or disappears.

   _3-21-19_ _Clara LeBeau_ _P.O. Box 1785 - Eagle Butte_
   Date   Third Party Custodian   Address   _SD 57625_
   _605-200-8852_

(7) **Defendant shall:**

   (a) submit to supervision by and report for supervision to the Probation Office or supervising officer as directed.

   (b) abide by the following restrictions on personal association, residence, or travel:
      (i) not leave the State of South Dakota unless authorized to do so by the Court.

   (c) not have any initiated contact, direct, or indirect, with any person who is or may be a victim or witness in the investigation or prosecution of the case, to wit: Jocelyn Chasing Hawk, TaLonna Bear Eagle, Kristen Nordvold, a/k/a Kristen Petty Weasel, and/or Daniel Grey Eagle

   (d) not use alcohol ☒ at all ☐ excessively.

   (e) not use or unlawfully possess a narcotic drug or other controlled substance as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

   (f) submit to testing for a prohibited substance if required by the Probation Office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. If remote alcohol testing is utilized, She shall pay all or part of the cost of the program based on her ability to pay as determined by the Probation Office or supervising officer.

(g) obtain a substance abuse evaluation (to be scheduled within 7 days) and participate in a program of inpatient or outpatient treatment, therapy, or counseling as directed.

(h) participate in one of the following location restriction programs and comply with its requirements as directed.

> (i) **Curfew.** Defendant shall be restricted to the residence of her grandmother, Clara LeBeau, every day from 10:00 p.m. to 7:00 a.m. unless otherwise authorized by the Probation Office or supervising officer.

(i) report as soon as possible, to the Probation Office or supervising officer every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

(j) reside at a residence approved by the Probation Office or supervising officer.

## ADVICE OF PENALTIES AND SANCTIONS

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for Defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, and a prosecution for contempt as provided in 18 U.S.C. §401 which could result in a possible term of imprisonment, a fine or both.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. 18 U.S.C. §3147. This sentence shall be consecutive to any other sentence and shall be imposed in addition to the sentence received for the offense itself. *Id.*

18 U.S.C. §1503 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court (and imposes a more severe punishment in the case of a killing or where the offense was committed against a petit juror and a Class A or B felony was charged, *see* §1503(b)(1), (2)); 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to twenty years of imprisonment and a $250,000 fine to tamper with a witness, victim or informant (and provides for a more severe punishment if certain circumstances are present, *see* §1512(a)(1), (2)); and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten

years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so (and calls for a more severe punishment if specific aggravating factors exist, see §1513(a), (b), (c)).

18 U.S.C. §3146. If after having been released, Defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order, she shall be punished as hereafter provided in this section. If Defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) An offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, Defendant shall be fined up to $250,000 or imprisoned for not more than ten years, or both;

(2) An offense punishable by imprisonment for a term of five years or more, but less than fifteen years, Defendant shall be fined up to $250,000 or imprisoned for not more than five years, or both;

(3) Any other felony, Defendant shall be fined up to $250,000 or imprisoned for not more than two years, or both; or

(4) A misdemeanor, Defendant shall be fined up to $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

### ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the Defendant in the above-entitled case and that I am aware of <u>all</u> of the conditions of my release. I promise to obey <u>all</u> conditions of release, to appear as directed, and to promptly surrender myself for service of any sentence that may be imposed. I am <u>fully aware</u> of the penalties and sanctions set forth above.

| _[signature]_ | 3/21/19 |
|---|---|
| SIGNATURE OF DEFENDANT | DATE |

| MAILING ADDRESS | TELEPHONE NO. |
|---|---|

## DIRECTIONS TO UNITED STATES MARSHAL

Defendant shall be released after she and her third party custodian, Clara LeBeau, execute the release portion of the Court's Order.

DATED March 21, 2019, at Pierre, South Dakota.

BY THE COURT:

*[signature]*

MARK A. MORENO
UNITED STATES MAGISTRATE JUDGE